· PETE BENAVIDES V. THE STATE.

No. 12276.  Delivered January 16, 1929.

The opinion states the case.

*Gordon O. McGehee* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment confinement in the penitentiary for ten years.

For the purpose of impeaching appellant the state asked him if he had not formerly been indicted for murder and also for assault with intent to murder.  Appellant admitted that he had been indicted, but declared that the indictments had been dismissed, although he had been ready for trial.  The district attorney had filed motions to dismiss the indictments on the ground that the evidence was too uncertain to expect a conviction, and the judgments of dismissal had been based on such motions.  The district attorney then asked appellant if the murder indictment had not been dismissed because the state could not find its witnesses.  Appellant answered that he had been so advised by his lawyer.  Appellant objected to the question on the ground "that the case having been dismissed that it was not permissible to introduce evidence tending to show that it was dismissed

because the witnesses could not be found for the trial, nor because of any reason inconsistent with the presumption of innocence, and that after dismissing the case the state could not introduce proof tending to show that although the case was dismissed that the defendant was in fact not free from blame." The objection was overruled. Whereupon the district attorney asked the witness if as a matter of fact he did not go to the witnesses and "chase them off." Appellant's objection to this question was sustained. It was improper for the state to attempt to show that the former prosecutions had been dismissed against appellant because of the fact that the presence of state's witnesses could not be obtained. In Diseren v. State, 127 S. W. 1039, this court held that it was not permissible for the prosecuting attorney to prove, in the absence of showing the reasons stated in the motion to dismiss a prosecution, that said prosecution was dismissed because of the youth of the accused. In the instant case the former prosecutions had been dismissed because the prosecuting attorney believed the evidence insufficient to warrant a conviction. It was not stated in the motions to dismiss that the state was unable to obtain the presence of her witnesses. In the state of the record,—especially in view of the argument of the district attorney hereinafter set forth—we are of the opinion that reversible error was committed. Moreover, it was highly improper for the district attorney to ask appellant if he had not prevailed upon the state's witnesses to remain away from court. In short, when it was shown that appellant had been indicted for murder and assault with intent to murder and that the cases had been dismissed against him the inquiry should have closed. The testimony had developed no issues that made relevant and material proof of the details of the former charges and the reasons for their dismissal.

In his argument to the jury, the district attorney used language as follows:

"That the reason the assault with intent to murder charge and the murder charge against this defendant were not tried was because the defendant intimidated the state's witnesses—keeping them from appearing against him."

Timely objection was made to the foregoing argument, and the court promptly instructed the jury not to consider it. That said argument was not supported by evidence is disclosed by the bill of exception. The district attorney was not warranted in stating to the jury that appellant had been guilty of driving witnesses away from court. The jury would naturally conclude that he was in

possession of facts showing such misconduct on the part of appellant. The court had theretofore refused the district attorney the privilege of inquiring into the matter of appellant's alleged action in intimidating witnesses. The argument was highly prejudicial. Appellant received more than the minimum penalty in a case where his guilt was closely contested. In the light of the entire record, we are of the opinion that the withdrawal of said argument from the jury could not have the effect of curing the error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.