### I. R. WILLIAMS v. THE STATE.

No. 19150. Delivered December 22, 1937.
Rehearing Denied January 26, 1938.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to murder without malice and his punishment was assessed at confinement in the state penitentiary for a term of one year.

It appears from the record that appellant and the injured party had been neighbors and friends for many years. Their first trouble occurred a few days prior to the commission of the alleged offense, when appellant with his automobile, ran over a large tin can filled with rocks which Mrs. Thorrell, the mother of the injured party, had placed at the corner of her yard fence to protect it from being knocked down by automobiles. Mrs. Thorrell saw appellant run over the can and knock it over. This offended her and she sent for her son, O. Z. Thorrell, who upon arriving at her home, found her very much excited. She related the occurrence to him and told him that appellant had threatened to bring a suit for damages against her. A short time later, appellant's wife went to the home of Mrs. Thorrell to talk to O. Z., the injured party, but just what transpired is a much controverted issue. Appellant contends that his wife told him that O. Z. Thorrell struck and kicked her and told her to go home and send her husband; that he would kill him. The injured party denied that he struck or kicked appellant's wife or made any threats against appellant. On the following Sunday while O. Z. was sitting in his automobile on the streets of Rhome, appellant assaulted him with a bolt and knife, inflicting such serious injuries upon him that it was necessary that he be taken to a hospital where he was under the care of a physician for a week or more.

Bill of exception number one shows that the injured party testified that while sitting in his car talking to Charley Payne he saw appellant drive by in a car. The district attorney then asked whether he expected appellant to come back, to which appellant objected on the ground that it called for a conclusion and an opinion of the witness. The objection was overruled and the witness answered: "No, sir; I didn't expect him to come back."

It occurs to us that what the witness expected or did not expect was immaterial and clearly the expression of an opinion and therefore not admissible.

Bill of exception number two is insufficient to disclose any error in that it fails to show what answer the witness would have given.

Bills of exceptions numbers three and five will be considered together as they relate to the same subject matter. It appears from bill number three that the State, upon cross-examination of the appellant, inquired if he did not go to see the present county attorney about having the case dismissed and upon his declining to do so, if he, appellant, did not get angry, open his

knife, and express great dissatisfaction. Appellant objected thereto, but his objection was overruled. Bill number five shows that the attorney privately employed to assist in the prosecution asked the appellant on cross-examination if, on one occasion when presenting a motion for a continuance to the judge, he had not requested the judge to permit the privately employed attorney to read the motion, because he felt that if said attorney would read the same, he would withdraw from the case; that the attorney read it but declined to withdraw, and if he, appellant, did not then show considerable temper. Appellant objected to all of this questioning, but the objections were overruled, and he denied that any such thing occurred.

We are of the opinion that the learned trial judge in over-ruling the objections fell into error. The questions or the answers thereto did not tend to establish the assault upon O. Z. Thorrell, was not a part of the res gestae, nor did it show intent, motive or identity. Appellant had already admitted that he inflicted the injuries upon Mr. Thorrell, but contended that he did so in self defense. We are at a loss to understand just what element of the offense charged it tended to prove, what issue it tended to elucidate, or upon what theory it was admitted except to show that the appellant was high-tempered and bent upon mischief generally. See Williams v. State, 82 Texas. Crim. Rep., 48; Haney v. State, 57 Texas Crim. Rep., 158; Bowman v. State, 70 Texas Crim. Rep., 22.

By bill of exception number four, appellant complains of the action of the trial court in permitting the State to ask appellant on cross-examination the following questions:

"Q. You were convicted in the county court for selling adulterated gasoline—?" To which appellant objected but the objection was overruled on the ground that the offense inquired about involved moral turpitude, and witness was required to answer and did answer, "Yes."

"Q. Have you been arrested in any other cases involving the same or similar charges?" Appellant again objected and his objection was again overruled and he answered: "A. Yes, I think there were other cases filed, but they were all dismissed."

We are of the opinion that the admission of the testimony herein complained of was error. The offense of which appellant had been convicted was not for selling *diluted* gasoline, but for selling *inferior* gasoline, the sale of which is not an offense unless the container in which it is sold is not labeled in large letters, showing the name of the manufacturers, etc., and only becomes an offense when not so labeled. See Articles

1103, 1104, 1105, and 1106, Vernon's Annotated Penal Code. Consequently the gist of the offense is not in the selling of inferior gasoline, but in failing to label the container as required by law. Therefore, we think that the offense does not involve moral turpitude and was clearly inadmissible. See Morgan v. State, 105 S. W. (2d) 234, and authorities cited therein.

Bill of exception number six complains because the court permitted the State to ask the appellant on cross-examination if he had not been indicted in several felony cases, some charging forgery and the passing of forged instruments. Appellant objected thereto and upon his objection being overruled, he answered that he had been indicted in five cases, but that all of these cases had been dismissed. We think that this questioning was permissible unless it appeared to be too remote. See Benavides v. State, 111 Texas Crim. Rep., 361 (12 S. W. (2d) 1031).

Appellant urged a number of objections to the court's charge, one being that the court, in his instruction, assumed that the pocket knife with which the alleged assault was committed was a deadly weapon, when the same was an issue in the case. The objection is not entirely without merit, and upon another trial the court should amend his charge to meet the same and leave the issue to the jury for their determination.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On December 22, 1937, the judgment of conviction herein was reversed and the cause remanded. The State has filed no motion for rehearing, but the record is now before us for re-consideration on the appellant's motion, in which it is requested that the court discuss certain questions to which no reference was made in the original opinion. In the original consideration of the appeal, the conclusion was reached that only the questions discussed in the original opinion presented error. Our re-examination of the record in the light of the motion for rehearing leaves us of opinion that the only errors committed in the trial of the case were those

upon which the reversal was predicated. Hence, we deem it unnecessary to write an extended opinion on the motion for rehearing.

The motion is therefore overruled.

*Overruled.*