**Benny Ramirez SALAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39519.

Court of Criminal Appeals of Texas.

May 11, 1966.

Rehearing Denied June 22, 1966.

John C. Cain, Emmett Colvin, Jr., on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., Don Koons, Mike Buckley and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

McDONALD, Presiding Judge.

The offense is unlawfully carrying a pistol; the punishment, enhanced by a prior conviction for the same misdemeanor offense, is two years in jail.

The information alleges that appellant "did unlawfully carry on and about his person a pistol." The only evidence offered by the state to support this allegation is the testimony of the investigating officers, Bateman and Young, of the Dallas Police Department.

Officer Bateman testified that a Mrs. Belton told him that, on the night in question, appellant "had a pistol on him at that time and was threatening to shoot her and her daughter." The witness admitted on cross-examination that he did not see a pistol on appellant's person that night, that he concluded that appellant was carrying a pistol because of what he was told by the complainant, and that he did not know whether or not she was telling the truth.

Officer Young testified that he never saw appellant in possession of a pistol, and his testimony shows that the only substantiation he had as to the alleged offense was the information he had received from others.

No witness to the alleged offense testified.

The testimony of these officers as to the alleged act of unlawfully carrying a pistol was hearsay. Rogers v. State, Tex. Cr.App., 368 S.W.2d 772; Pitcock v. State, Tex.Cr.App., 324 S.W.2d 866, 324 S.W.2d 867; Donahoo v. State, 159 Tex.Cr.R. 334, 264 S.W.2d 108.

"Hearsay evidence has been defined as evidence which does not derive its value solely from the credit to be given to the witness himself, but rests in part on the veracity and competency of some other person. In terms of the actual conduct of a trial, hearsay evidence is that which a given witness offers in court (a) which is not based on his own knowledge, but is merely a repetition of what he has been told or the offering by him of a writing prepared by another, and (b) which is offered as proof of the truth of the matter contained or stated therein." 1 Wharton's Criminal Evidence (12th ed.) 571, Section 249.

■ Hearsay evidence has no probative value. Urban v. State, Tex.Cr.App., 387 S.W.2d 396; Pitcock v. State, supra; Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128.

■ The only competent evidence connecting appellant with the offense is evidence that appellant owned a pistol found at the scene of the investigation. There is no competent evidence that he was ever carrying that pistol.

The evidence is insufficient to sustain the conviction, and the judgment is reversed and the cause remanded.

MORRISON, Judge (concurring).

■ While I agree with the opinion prepared by my Brother McDonald, I wish to point out that there exists in this record another ground which calls for a reversal of this conviction. The prosecutor during his argument, without any facts in the record to support him, told the jury that the two women, the 54 year old complainant and her 15 year old daughter, were scared of appellant and that was the reason they were not present in court to testify. Appellant relies upon Benavides v. State, 111 Tex.Cr.R. 361, 12 S.W.2d 1031, which supports his contention.

I call attention to the following additional cases which also call for a reversal on this ground, to wit: Alford v. State, 158 Tex. Cr.R. 632, 258 S.W.2d 817; Sparks v. State, 159 Tex.Cr.R. 111, 261 S.W.2d 571; Kirk v. State, 159 Tex.Cr.R. 124, 261 S.W.2d 721; Ginsberg v. United States, 5 Cir., 257 F.2d 950, 70 A.L.R.2d 548; Shelton v. State, Tex.Cr.App., 367 S.W.2d 867, and especially Lookabaugh v. State, 171 Tex. Cr.R. 613, 352 S.W.2d 279.

I concur in the reversal of this conviction.

WOODLEY, Judge (dissenting).

The record reflects that the state was unable to produce the lady who called the police about 9 P.M. on November 14, 1964, to report a "disturbance with a gun" at her home and who, in the presence of the appellant, told police officer Billy D. Bateman who responded to her call that appellant had threatened to shoot her and her daughter and that the gun was in the back yard and she would show him where it was.

Subpoenas and attachments had been issued for the eye witnesses which had not been served. Their affidavits were produced by the defense to the effect that the first time they saw the gun was when the police officer took it out of a tree and that a misunderstanding between appellant and the granddaughter of the complainant was the reason the complaint was filed and she regretted having filed it.

The trial judge correctly ruled that the affidavits were not admissible in evidence.

The case was submitted to the jury as one of circumstantial evidence.

In addition to his testimony in regard to the report of the lady of the house, Officer Bateman testified that she accompanied him into the back yard of her home and pointed out the location of the gun and he took it out of a tree. The gun, a Smith and Wesson snubnosed .38 caliber special revolver, was introduced in evidence and the state offered proof identifying it by

serial number and description as the pistol purchased by appellant on August 1, 1964, at Ray's Hardware and Sporting Goods Store.

The record also reflects that appellant told the officers that the pistol was his.

The prior conviction for carrying a pistol alleged for enhancement of punishment was proved.

The evidence is sufficient to sustain the jury's verdict.

There was testimony to support the argument that the jury could deduce from the evidence that Mrs. Belton and her 15 year old daughter were scared of appellant.

The court sustained appellant's objection to the statement of the attorney for the state: "I submit to you he hasn't the right to scare off two women to make them disobey an order of this court."

The trial court did not err in refusing to declare a mistrial because of such remarks.

The judgment should be affirmed.