**Gill Blas BERRYHILL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46660.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

———◆———

Malcolm Dade and Ralph Gismant, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of attempted robbery. Punishment was assessed by a jury at two years.

Appellant contends that the prosecutor committed reversible error when he implied in his closing argument that he had additional evidence that was not introduced but which would show the guilt of appellant.

■ The record shows the following argument, objection and ruling:

"You remember Berryhill sitting up there on the stand when I had him on cross-examination. Now, I can't tell you how I got the things that I was cross-examining him about because here again, I'm on this old tight rope, but just stop and think a little bit about how his initial response was—

MR. GISMANT: I object to him going outside of the record, Your Honor.

THE COURT: Counsel, overrule your objection." [1]

On cross-examination of appellant, the prosecutor propounded the following questions:

"Q. Fine. Isn't it a fact, Berryhill, that you met with Carmichael at his girlfriend's house at about 7:00 or 8:00 that evening?

A. No, it's not.

Q. Isn't it a fact that you and Carmichael planned this sometime between 7:00 and 8:00 in the evening at Carmichael's girlfriend's place?

A. No, it's not.

Q. Isn't it a fact that you left Carmichael's girlfriend's place and went to Carmichael's place where he picked up that pistol?

A. That's a lie.

Q. Isn't it a fact that you then went to Jimmy Seale's apartment?

A. That's a lie."

At no time was any evidence presented to show the meetings or plans referred to in the prosecutor's line of questioning. The complained of argument clearly referred to this cross-examination of appellant and implied that evidence existed which would support the matters set out in the prosecutor's hypothetical questions.

It is our conclusion that the state's reference to matters upon which cross-examination of appellant was based, and its statement that it could not bring those matters to the jury, followed by the invitation to the jury to speculate on what those matters were, constituted an improper representation that there was other evidence of the guilt of appellant not introduced before the jury, but which nevertheless should be speculated upon. The argument in the instant case implied the existence of incriminating evidence which could not be presented. Cf. Stearn v. State, Tex.Cr. App., 487 S.W.2d 734.

■ Argument injecting matters not in the record is clearly improper; but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whatever extraneous "facts" may be needed to support a conviction. Logical deductions from evidence do not permit within the rule logical deductions from non-evidence.

The judgment is reversed and the cause remanded.

We consider the above argument in light of this part of the record reflecting the prosecutor's appeal to the jury to make conjectures as to what testimony might have been given, but never was.

1. Moments earlier the following argument upon appellant's failure to call his co-defendant to testify was objected to, and the objection likewise overruled: "Okay. Folks, he can do it. [i. e., call his co-defendant to testify.] I think you got the idea and he didn't do it, and I think you know why. I think you know why. And stop and think a little bit."