Joseph Cullen MINTER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47328.

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Lynn S. Patton, Longview, for appellant.

J. O. Duncan, Dist. Atty., Everett L. Culber, Asst. Dist. Atty., Gilmer, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was indicted for the offense of murder with malice. The jury convicted him of murder without malice, and assessed a punishment of five years' imprisonment.

Appellant's first two grounds of error relate to the prosecuting attorney's final argument at the guilt-innocence stage of the trial. The error complained of in the first ground is not before us, for the reason that appellant failed to object and thereby failed to preserve the error. See Friga v. State, 488 S.W.2d 430 (Tex.Cr. App.1973).

**582**

The argument, of which complaint is made in the second ground of error, was an attempt by the prosecuting attorney to state what appellant's wife, the victim, would have testified to had she been alive and present. This was not proper; however, a close reading of the record and the arguments reveals that the argument contained only evidence which had been brought out in previous testimony, including that of appellant. A jury argument must either be extreme or manifestly improper, or inject new and harmful facts to be reversible. Appellant has not shown that he was unduly prejudiced by the argument and no new facts were introduced. There was no reversible error. See Barrientez v. State, 487 S.W.2d 97 (Tex.Cr.App.1972).

The appellant's third ground of error urges that he was unduly prejudiced by the court's charge at the punishment stage which informed the jurors that prior to the entry of appellant's plea he had filed an application for probation and an election that the jury assess punishment. Appellant argues that this information gave the jury the impression that he thought himself guilty prior to trial.

A reading of appellant's objection to the charge at the punishment stage reveals that he is not complaining of the fact that the jury was informed of his application for probation (this was necessary if they were to consider it) but, rather, that he is complaining that the jury was told *when* the application was filed (e. g., before he entered his plea).

The charge given the jury in the instant case was a rather standard one. See Willson's Criminal Forms, Seventh Ed., Sec. 3461. Mention of the time at which the application was filed is merely an incidental part thereof. Further, the appellant makes no mention of voir dire questioning on probation, the limitation or abolition of which would be a logical extension of the

ruling he seeks. This Court has adamantly refused to limit that right. See White v. State, 478 S.W.2d 506 (Tex.Cr.App.1972) and Brown v. State, 475 S.W.2d 938 (Tex. Cr.App.1971). We note additionally that, beyond the unsupported allegations of his brief, appellant has not shown how he was injured by the charge.[1] Appellant's third ground of error is overruled.

The judgment is affirmed.

---

1. The record indicates that appellant made no effort to prove the allegations of his application for probation.