Richard Lewis THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49586.

Court of Criminal Appeals of Texas.

Feb. 26, 1975.

Rehearing Denied March 19, 1975.

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Jim Johnson and John Ovard, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The conviction is for murder with malice; the punishment was assessed by the jury at life imprisonment.

Appellant in his testimony claimed self-defense against an attack upon him by deceased, who, he stated, repeatedly struck him on the head with a piece of pipe. He further testified that he and deceased were drunk and that after the shooting he, the appellant, went two blocks to the house of his niece, who, at his request, called the police.

Appellant complains that the prosecutor's jury argument was improper in that it was not supported by the evidence. The portion of the argument in question is as follows:

"It's relatively—I don't even know her name, it's his niece, why isn't she down here to tell you. 'Yes, he was intoxicated'? 'I saw the wounds on the side of his head,' she is not down here to tell you that because she can't, because it just didn't happen. It just isn't true, and I'll bet you if you really know the truth, she is afraid of the man.

"MR. BOARDMAN: Judge, I object to that, that is not a reasonable deduction from the evidence.

"THE COURT: Overruled.

"MR. BOARDMAN: Note our exception.

"MR. OVARD: When he overrules, it means you can consider it, because it certainly is a reasonable deduction that she is afraid of this man, because she knows what he has done to people in the past, and you, the jury, know it now."

We have examined the testimony and have found nothing therein from which the prosecutor could have reasonably deduced that appellant's niece was afraid of him.

Having determined that the prosecutor's argument was improper, we now turn to the question of whether or not it requires reversal. A jury argument must either be extreme or manifestly improper or inject new and harmful facts to be reversible. Minter v. State, Tex.Cr.App., 505 S.W.2d 581.

The prosecutor may call attention to the defendant's failure to call witnesses in his behalf, and may argue that the reason for such failure is that any such testimony would be unfavorable to the defense. Fisher v. State, Tex.Cr.App., 511 S.W.2d 506.

The prosecutor may not imply that witnesses have been frightened from the courtroom by the defendant. Benavides v. State, 111 Tex.Cr.R. 361, 12 S.W.2d 1031. See also Judge Morrison's concurring opinion in Salas v. State, Tex.Cr.App., 403 S.W.2d 440. To argue that witnesses have been afraid to appear is no less harmful than arguing that their testimony has been coerced. Ortega v. State, Tex.Cr. App., 493 S.W.2d 828; Chambliss v. State, 150 Tex.Cr.R. 301, 200 S.W.2d 1003.

In *Ortega*, a witness testified that one Garza said that appellant did not shoot the deceased as charged. The State, attempting to discredit the witness, asserted in argument that Garza was intimidated by Ortega's brother. Such an argument was held to be improper, but did not call for reversal due to appellant's failure to request an instruction to disregard after his objection thereto was sustained.

To argue such facts, unsupported by the evidence, is to inject new and harmful facts alluding to conduct of the appellant for which he is not on trial. By continuing this argument in a more distinct

fashion after the objection was overruled, the prosecutor only compounded the error and harm to the appellant.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.