Billy James WILDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 53474.

Court of Criminal Appeals of Texas.

Oct. 19, 1977.

Appellant's Motion for Rehearing
Denied Nov. 16, 1977.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary W. Love and Les S. Eubanks, Jr., Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is the companion case to *Andrew v. State*, 558 S.W.2d 876 (Tex.Cr.App.1977). Wilder appeals from his conviction for the offense of robbery by firearms wherein the jury assessed punishment at fifty years.

Grounds of error numbers one, two, three, four and seven are identical to grounds raised and discussed in *Andrew* and no further discussion will be presented in this opinion. These grounds of error are here, as in *Andrew*, overruled.

Further, in view of our disposition of his double jeopardy allegation in *Andrew*, we need not discuss grounds of error numbers eight and ten.

In ground of error number five he contends that the trial court erred in admitting evidence of an extraneous offense. Officer E. R. Reynolds of the Dallas Narcotics Division testified that on the day following the instant offense he arrested appellant pursuant to a search warrant for an offense other than the one involved in the instant case.

■ Appellant did not object on the grounds now raised on appeal. He did not object that the arrest was unrelated to the robbery and the assaults in the instant case. See *Hoffman v. State*, 514 S.W.2d 248 (Tex. Cr.App.1974).

Next he complains of the following portion of the prosecutor's argument in an attempt to explain why the confidential informer was not produced as a witness:

"Mr. Zimmermann asked why didn't they bring him down here. Now I'm trying to tell you and he won't let me, because he would be dead in a minute."

The record reflects that one of the witnesses, a victim of a gunshot wound, testified that when he turned his head to look at the robbers he was shot. Apparently the robbers did not want witnesses.

■ The prosecutor's remarks were to some extent invited. The record shows that appellant's counsel had argued as follows:

" . . . how about the mysterious witness, the mysterious witness who saw it? Why can't he come down here? Why can't he identify somebody? Why can't he be brought to you? Not trying to hide anything. . . ."

No reversible error is shown. *Holloway v. State*, 525 S.W.2d 165 (Tex.Cr.App.1975); *Howard v. State*, 505 S.W.2d 306 (Tex.Cr. App.1974).[1]

In ground of error number nine appellant contends that the court's charge is fundamentally defective because it fails to apply the law to the facts of the instant case. Specifically he complains of the court's charge on alibi.

The court submitted the following charge as to alibi:

"You are instructed that a defense of alibi is that, if an offense was committed, as alleged, that the defendant was, at the time of the commission thereof, if any, at another and different place from that àt which such offense was committed, if it was, and therefore was not and could not have been the person who committed the same, if any.

---

1. The dissent in discussing invited argument would be so generous that it would permit the State to argue what is in evidence after it has been invited to do so by the defense counsel. There would be no need for, and no cases upon, the rule of invited argument if the reasoning of the dissent were followed because it has always been the rule that the prosecutor may argue the evidence without an invitation from anyone. Then, the dissent has some idea that perhaps counsel for the defense may invite argument, but the prosecutor's reply may not go further than what the defense might want him to say.

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed, if any was committed, at the time of the commission thereof, if any, you will find the defendant not guilty."

■ Appellant did not object to this instruction in writing as required by Article 36.14, V.A.C.C.P. Nothing is presented for review. *Mott v. State*, 543 S.W.2d 623 (Tex.Cr.App.1976). No fundamental error is shown.

■ In his final ground of error, appellant complains of the prosecutor's argument. There was no objection to the argument. Nothing is presented for review. *Thompson v. State*, 537 S.W.2d 732 (Tex.Cr. App.1976).

No reversible error having been shown, the judgment is affirmed.

ROBERTS, Judge, dissenting.

The majority has overruled appellant's contention that the prosecutor exceeded the limit of proper invited argument during his final argument at the guilt stage of the trial. I dissent.

The testimony reveals that two men and a woman robbed two men at a convenience store in Dallas. During the robbery, both of the victims were shot. A confidential informant gave information leading to the arrest of the appellant shortly after the alleged offense. The sufficiency of the evidence is not challenged.[1]

Appellant's sixth contention focuses upon the following argument concerning a confidential informant made by the prosecutor:

"Mr. Zimmermann [Defense Counsel] asked why didn't they bring him down here. Now I'm trying to tell you and he won't let me, because he would be dead in a minute, that's why."

It must be noted, however, that immediately prior to the above argument the prosecutor, over objection, had stated:

"Now, Mr. Zimmermann said, 'Why didn't we bring that mysterious person down here?' Yes, he is mysterious, ladies and gentlemen. He is a confidential informant."

Both of the prosecutor's comments were in response to the following argument by appellant's counsel:

"How about the mysterious witness, the mysterious witness who saw it? Why can't he come down? Why can't he identify somebody? Why can't he be brought to you? Not trying to hide anything."

The State contends that the prosecutor's comments were invited by the appellant and therefore not error.

It is well established that the rule of invited error is that if the defendant's counsel goes outside the record in his argument, the prosecutor is then also permitted to go outside the record to respond to that argument. *Reynolds v. State*, 505 S.W.2d 265 (Tex.Cr.App.1974); *Griffin v. State*, 481 S.W.2d 838 (Tex.Cr.App.1972). But in *Reynolds v. State*, supra, we held that when defense counsel's argument is not objectionable the prosecutor may not go outside the record and argue facts not in evidence. See also *Bailey v. State*, 531 S.W.2d 628 (Tex.Cr. App.1976). Furthermore, in *Garrison v. State*, 528 S.W.2d 837 (Tex.Cr.App.1975), we held that a prosecutor's argument may not exceed the invitation of defense counsel's argument.

These rules create a dual inquiry that must be applied to allegedly improper prosecutorial responses to arguments of defense counsel. First, if defense counsel's argument was supported by the record and therefore proper, then any response by the prosecutor that is not supported by the record is improper. Second, if defense counsel's argument was not supported by the record and therefore improper, then any response by the prosecutor going outside the record will be improper only if the response exceeded the limits of the proper

---

1. It should be noted, however, that the issue of identity was hotly contested.

scope of the invitation. See *Garrison v. State*, supra.

In the present case, we deal with a comment by the appellant's counsel touching upon the State's failure to call a witness, and the prosecutor's response to that comment.

It is a well established proposition that the State can comment during final argument on the failure of the defendant to call competent and material witnesses. *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr.App.1975); *Fisher v. State*, 511 S.W.2d 506 (Tex.Cr. App.1974); *Winkle v. State*, 506 S.W.2d 891 (Tex.Cr.App.1974). It is equally well established that the defendant may comment upon the failure of the State to call competent witnesses.[2] *Bowlin v. State*, 93 Tex. Cr.R. 452, 248 S.W. 396, 404 (Tex.Cr.App. 1923); *Patterson v. State*, 387 S.W.2d 390 (Tex.Cr.App.1965); 56 Tex.Jur.2d, Trial, Sec. 261, p. 599.

The record reflects that there was testimony relating to a "mysterious" witness. Therefore, the argument by the appellant's trial counsel was proper.[3] *Reynolds v. State*, supra; *Bailey v. State*, supra.

While there is no need to delineate the precise limits of proper invited argument, it is sufficient to note that the prosecutor adequately explained the absence of the mysterious witness when he told the jury that the mysterious witness was a confidential informant. Cf. *Bailey v. State*, supra at 630.[4]

The prosecutor's comment that the mysterious witness "would be dead in a minute" if he testified interjected his opinion that the appellant was a murderer.[5] This violated the principle that a prosecutor may not imply that an absent witness was afraid to testify due to the defendant. *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr.App.1975); *Salas v. State*, 403 S.W.2d 440 (Tex.Cr.App. 1966) (J. Morrison, concurring); *Benavides v. State*, 111 Tex.Cr.R. 361, 12 S.W.2d 1031 (1929). The argument interjected new and harmful facts which were prejudicial to the appellant. *Minter v. State*, 505 S.W.2d 581 (Tex.Cr.App.1974).

The judgment should be reversed and the cause remanded.

PHILLIPS, J., joins in this dissent.

---

**2.** If the defendant was unable to comment on the State's failure to call material witnesses, a violation of due process would result.

**3.** Even if the argument was improper, the fact that appellant's counsel exceeded the bounds of proper argument should not justify an unrestrained prosecutorial reply. To allow an unrestrained response would be akin to reasoning that two wrongs make a right.

The better reasoned approach would require the prosecutor to object to improper arguments by defense counsel and request a curative instruction from the trial judge. Only if the objection is overruled should the prosecutor be permitted to respond to the argument of defense counsel. Furthermore, the prosecutorial response should be limited so that the defendant's right to a fair trial is not violated.

Moreover, where defense counsel ignores the instructions of the trial judge as to the proper scope of argument, the trial judge can hold him in contempt, or, under the ruling of *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), remove counsel from the proceeding and declare a mistrial without in-

voking the availability of a double jeopardy claim.

It is obvious that the invited argument rule is not in the best interests of society. Unlike the exclusionary rule, however, there are alternatives that better suit due process. Cf. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Bivens v. Six Unknown Named Federal Agents*, 403 U.S. 388, 441, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (dissenting opinion of Mr. Chief Justice Burger).

**4.** In *Garrison v. State*, supra, we held that the prosecutor exceeded the limits of proper invited arguments by recounting all of the defendant's alleged misdeeds before the jury. The strong implication was that a conclusory statement would have been within the limits of proper invited argument.

**5.** In *Garrison v. State*, supra, the prosecutor similarly exceeded the limits of proper invited argument by interjecting the crimes of molesting and adultery. We held that to be outside the limits of proper invited argument.