**Harold Lee LITTLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54286.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 14, 1978.

Appellant's Motion for Rehearing En Banc Denied July 19, 1978.

---

1. In civil cases the rule is different if the provisions of Rule 184a of the Texas Rules of Civil Procedure are followed.

Robert A. Canonico, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Lynn Malone, Asst. Dist. Atty., Waco, for the State.

Before DOUGLAS, PHILLIPS and W. C. Davis, JJ.

## OPINION

W. C. DAVIS, Judge.

A jury in 54th District Court convicted appellant of burglary of a building. V.T.C.A., Penal Code, Sec. 30.02(a)(1). Punishment was enhanced with two prior felony convictions and the court sentenced him to life imprisonment in the Texas Department of Corrections. V.T.C.A., Penal Code, Sec. 12.42(d). We affirm.

Appellant raises six grounds of error. The sufficiency of the evidence is challenged in grounds of error five and six.

Two police officers found the appellant inside a ramshackle house, standing over a bag containing various items of plumbing which, apparently, had been recently removed from the house's plumbing fixtures. Some of the items were still wet. A pipe wrench lay close at hand. Appellant testified that although he entered the premises he denied having any intent to steal. He admitted three prior felony convictions, two for burglary and another for breaking and entering a motor vehicle.

When the sufficiency of the evidence is challenged, we are required to review the evidence in a light most favorable to the verdict. *Rogers v. State*, 550 S.W.2d 78 (Tex.Cr.App.1977). The evidence is sufficient.

Grounds of error five and six are overruled.

In his first ground of error, the appellant contends that it was error for the trial court to refuse an instruction on cir-

cumstantial evidence, "as there was no direct evidence of his intent to commit theft." An instruction as to circumstantial evidence is not required where the main fact is proved by direct testimony and only the question of the defendant's intent is to be inferred from the circumstances. *Belcher v. State*, 504 S.W.2d 858 (Tex.Cr.App.1974); *Davis v. State*, 516 S.W.2d 157 (Tex.Cr.App. 1974).

Ground of error one is overruled.

In ground of error two, the appellant complains of his arraignment in the presence of the jury, despite a pretrial motion and timely trial objection. The appellant had been previously arraigned at a pretrial hearing.

We have repeatedly held that arraignment before a jury is not to be condoned, and that trial judges should be careful to avoid such practices. *Minafee v. State*, 482 S.W.2d 273 (Tex.Cr.App.1972). Since the court in the pretrial arraignment had already fixed appellant's identity and heard his plea, it was not called upon to give admonishments and instructions on the law to the appellant before receiving his plea in the jury's presence and the court committed error in so doing. *Collins v. State*, 548 S.W.2d 368 (Tex.Cr.App.1976), cert. denied 430 U.S. 959, 97 S.Ct. 1611, 51 L.Ed.2d 811 (1977). However, because of the court's instructions prior to voir dire examination and included in its charge at the guilt-innocence stage that the indictment was no evidence of guilt and should not be considered as anything but a mere accusation, no harm is shown.

Ground of error two is overruled.

In the third ground of error, the appellant contends that the State argued improperly. He urges six instances of error. Such ground is clearly multifarious and as such does not comply with Art. 40.09(9), Vernon's Ann.C.C.P.; however, in the interest of justice, we have reviewed his contentions carefully and choose to discuss but one, set out below:

"PROSECUTOR (MR. SELLERS): He wants you to think that anytime he is guilty, he will plead guilty, and because he pled not guilty, that he is not guilty.

They want you to think that. And Mr. Canonico stood up here and told you that was why he was pleading not guilty, but that's not why he was pleading not guilty. He doesn't have to have a reason to plead not guilty. That's his constitutional right and if he had of signed a confession to the offense, he could still come in and plead not guilty. That happens. *There is a good reason why he is not pleading guilty, and unfortunately, I am not permitted to tell you what it is.*" (Emphasis added)

Appellant's objection was sustained and an instruction to disregard given. His motion for mistrial was denied.

Previously, appellant's counsel had argued as follows:

"Now, Mr. Little chose to come to the jury to determine his guilt or innocence. Now, you have heard that he was convicted of three prior felonies. You have already heard that he pled guilty to those three felonies. He could have pled guilty to this one, but he has maintained his innocence to me and . . ." (Objection)

And, later:

". . . You have heard the evidence. All of you heard Mr. Little. I promised you that there would be some things said about him on voir dire. There were three felony convictions, but remember, this man had a chance to lie to you. He had a chance to plead guilty to this charge and receive his sentence, but he chose to stand up before the jury and say 'I'm not guilty of this offense. I didn't do it.' Take that into consideration."

 It is improper for the prosecuting attorney to imply to the jury that there is pertinent evidence of which he is aware that is not in the record. Thus, the argument that the prosecution had information not available to the jury was clearly error and not invited by defense counsel's argument. *Curlin v. State*, 500 S.W.2d 141 (Tex. Cr.App.1973). Such error, however, was harmless in light of the overwhelming evidence of defendant's guilt and the trial court's prompt instruction to disregard.

*Taylor v. State*, 550 S.W.2d 695 (Tex.Cr. App.1977). Cf. *Fowler v. State*, 500 S.W.2d 643 (Tex.Cr.App.1973).

Ground of error three is overruled.

In ground of error four, appellant argues that there was a fatal variance in the indictment allegations and the proof adduced at trial. In particular, he contends that "the indictment alleges ownership of the house allegedly burglarized to be in one Frank Vivian and the proof on the trial of the case shows the ownership to be in one Mrs. Huddleston."

Vivian testified that the house belonged to his mother-in-law, who was in a rest home, and that he (had) "charge of it and power of attorney. It belongs to my mother-in-law, and I have guardianship over it." Ownership was adequately shown. V.T. C.A., Penal Code, Section 1.07(24). There was no motion to quash the indictment on this ground. The indictment is not fundamentally defective. Art. 27.08, Vernon's Ann.C.C.P.; *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974); *Mears v. State*, 557 S.W.2d 309 (Tex.Cr.App. 1977).

Ground of error four is overruled.

The judgment is affirmed.