Steve A. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00544–CR.

Court of Appeals of Texas, Dallas.

June 30, 1982.

Douglas H. Parks, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Deborah E. Farris, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and FISH and ALLEN, JJ.

GUITTARD, Chief Justice.

Appellant was convicted of aggravated rape of a child. A jury assessed punishment at sixty years. Appellant contends the prosecutor injected harmful, unsworn testimony before the jury. We agree and, accordingly, reverse and remand.

The only defense witnesses were appellant and his employer, Harold Hoskins, who sought to establish an alibi. Appellant testified that he was working at the time of the offense. Hoskins testified that appellant had worked all that day refinishing furniture in Hoskins's shop. In arguments to the jury the principal issue was the credibility of Hoskins' testimony and, therefore, the truth of the alibi.

In closing argument the prosecutor asserted:

He's arrested on August 1st, 1980, and Harold [Hoskins] knows that on March 31st 1980, that he was with him and that he couldn't have done this horrible thing to Sheila Roberts. He goes from March 31st to August 1st and from August 1st all the way to February 11th, 1981, before he tells anybody about it.

The court overruled appellant's objection, permitting the prosecutor to continue this line of argument.

An attorney has the duty to confine his remarks to the record; any reference to facts that are neither in evidence nor inferable from the evidence is improper. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Cr.App.1973). A jury argument exceeding the permissible bounds requires reversal when it injects new facts harmful to the accused. *Thomas v. State*, 519 S.W.2d 430, 431 (Tex.Cr.App.1975). *See Todd v. State*, 598 S.W.2d 286, 297 (Tex.Cr.App. 1980).

By asserting that Hoskins had waited until the day of the trial to tell anyone that appellant was at work at the time of the offense, the prosecutor suggested to the jury that the alibi was recently fabricated and that both Hoskins and appellant were lying. This argument had no basis in the record because there was no evidence that Hoskins had not informed other persons, or even the prosecutor, that appellant was in his shop at the time of the offense. Consequently, the court erred in overruling the objection. Since this ruling apparently approved the argument, we cannot consider the error harmless.

Reversed and remanded.