David JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00043–CR.

Court of Appeals of Texas,
San Antonio.

March 2, 1983.

Rehearing Denied March 30, 1983.

Discretionary Review Granted
June 22, 1983.

Marvin Miller, Joseph D. Valdez, San Antonio, for appellant.

Bill White, Dist. Atty., Douglas McNeel, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for aggravated assault. Appellant was tried on an indictment charging him with attempted murder. The jury found him guilty of aggravated assault and assessed his punishment at ten (10) years' confinement and a fine of $5,000.00. By this appeal, appellant presents us with the following issues as set out in his grounds of error: (1) whether he was denied a speedy trial; (2) whether there was prejudicial prosecutorial misconduct during trial; and (3) whether there was prejudicial prosecutorial jury argu-

ment. We overrule the first contention, but sustain the second and third. We reverse the judgment of conviction and remand this cause to the trial court for a new trial.

Appellant contends in ground of error number one that the court erred in failing to dismiss the indictment against him in violation of Tex.Code Crim.Pro.Ann. arts. 1.05 (Vernon 1977) and 32A.02 (Vernon 1982–1983), the "Speedy Trial Act, the Sixth Amendment to the United States Constitution, and Tex. Const. art. I, § 10.

In order to determine whether appellant was entitled to a dismissal of this case because of a violation of his constitutional and statutory rights to a speedy trial, we must set out the following chronology of events.

On August 28, 1978, appellant filed an instrument designated "Motion to Set Aside Indictment" in which he recited that he was charged by an indictment with the offense of attempted murder upon a complaint filed February 2, 1977, and that more than 120 days had elapsed since the filing of the complaint. On October 16, 1978, appellant filed a similarly designated instrument in which he set out the same dates and events as were set out in his initial "Motion to Set Aside Indictment". The motion of October 16, 1978, was overruled by order of the trial court dated October 16, 1978. This is evidenced by an order in the transcript entered *nunc pro tunc* on March 29, 1979. There is nothing in the record of any evidentiary hearing held on said motion on October 16, 1978, or any other date prior to the date of trial. The motion of August 28, 1978, was overruled by written order of the trial court dated December 14, 1978. This is evidenced by an order in the transcript also entered *nunc pro tunc* on March 29, 1979. However, the statement of facts does indicate that on December 11, 1978, immediately prior to jury selection, the motion of August 28, 1978 was urged and the court orally denied it.

■ It is undisputed that this case was pending before and from July 1, 1978, the effective date of the "Speedy Trial Act." The Texas Court of Criminal Appeals very clearly stated in *Wade v. State,* 572 S.W.2d 533, 534 (Tex.Cr.App.1978), that the time periods provided for in the "Speedy Trial Act" (hereafter, "the Act") began to run from the Act's effective date for cases pending on that date. Because this case was pending before July 1, 1978, the time periods for computation under the "Act" began to run on July 1, 1978. *Id.* Consequently, October 28, 1978, constituted the 120th day for the purpose of Tex.Code Crim.Pro.Ann. art. 32A.02, § 1(1).[1]

■ We recognize that an accused must first raise the issue of speedy trial by motion to discharge under art. 32A.02, § 1(1), and that the State is then required to declare its readiness then and at the time required by the "Act". *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Cr.App.1979). But, if such motion is filed by an accused in a felony case and presented to the trial court for its determination prior to the expiration of 120 days from the commencement of a criminal action, it should be denied. The principal reason for denying such a motion is that such an early hearing and determination reduces the scheduled period within which the State is permitted to declare its readiness for trial. Therefore, the trial court did not err in overruling, on October 16, 1978, appellant's "Motion to Set Aside Judgment" filed on said date. The scheduled period within which the State was permitted to declare its readiness for trial under said motion had been shortened from October 28, 1978 to October 16, 1978, thereby allowing the State a period of only 102 days to declare its readiness for trial.

Appellant concedes that his "Motion to Set Aside Judgment" of August 28, 1978, was prematurely filed and was not acted upon by the court at that time. Appellant argues, however, that he continuously

1. Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony.

urged this motion and refers us to setting dates of July 10, August 28, October 16, and December 11, 1978. There is nothing in the record to support appellant's contention that he ever urged this particular motion prior to December 11, 1978. We cannot accept appellant's argument as evidence. Assuming *arguendo* that he had urged these motions properly to the trial court on the dates of July 10; August 28, and October 16, 1978, the trial court would have been correct in denying such motion because of the previously mentioned reduction of the scheduled period within which the State was permitted to declare its readiness for trial. Concerning the urging of the motion on December 11, 1978, the statement of facts filed herein reflects the following conversation on December 12, 1978, between the court and the attorney for appellant, Mr. Valdez, outside the presence of the jury panel immediately prior to voir dire examination:

> MR. VALDEZ: The defendant would like to reurge his motion for speedy trial and point out to the court that this case occurred in 1977, that there was an indictment that was quashed and that the defendant was reindicted and its been pending for well over a year. More than 120 days required by law and also that the defendant has been or was placed under bond and has been continuously under bond since the case was filed.

> THE COURT: All right. The court has previously overruled that motion and I'll overrule it again.

> MR. VALDEZ: Okay. That's all judge.

■ The motion was presented to the trial court without benefit of testimonial proof. The pleadings are not self-proving and in the absence of some showing that the State was not ready to try the felony case then and at the times required by the Speedy Trial Act, we cannot assume that it was not. The burden is on appellant to develop a record substantiating his claims. *De la Rosa v. State,* 627 S.W.2d 207, 213 (Tex.Civ.App.—San Antonio 1981). The State alleges in its brief that it was at all times ready for trial during the period from July 1, 1979 to October 28, 1978. We note that the docket sheet indicates the following notations by the judge:

| | |
|---|---|
| June 22, 1978 | — Recall 7–7–78 |
| July 5, 1978 | Waived arraignment: Set — 7–10–78 |
| July 10, 1978 | — State announced (Ready) |
| Aug. 28, 1978 | State announced (Ready) — (Not Ready) Def. announced (Ready) (Not Ready) |
| Oct. 16, 1978 | — State announced (Ready) Def. announced (Ready) |
| Dec. 11, 1978 | — (Blank) |
| Dec. 14, 1978 | — Jury selection began . . . . |

We can reach no other conclusion except that the State was ready at the time the motion was reurged and at the times required by the "Act." We hold that appellant's failure to show non-compliance by the State with the provisions of art. 32A.02 precludes the appellant from complaining of a violation of his statutory right to a speedy trial. *Barfield v. State, supra.*

■ Appellant contends that he has been denied his constitutional right to a speedy trial as guaranteed him by the Sixth Amendment to the U.S. Constitution and Tex. Const. art. I, § 10. The State correctly argues that in determining whether there has been a violation of the constitutional right to a speedy trial we must consider: (1) the length of delay; (2) the reasons for the delay; (3) the defendant's assertion or non-assertion of his rights; and (4) prejudice to the defendant resulting from the delay. The seminal decision which set out these four factors is *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971). Our Texas Court of Criminal Appeals reiterated these same factors in *Archie v. State,* 511 S.W.2d 942 (Tex.Cr.App. 1974).

■ One hundred seventy-one (171) days elapsed from the date appellant was arrested until the date of his trial. However, it is undisputed that he made bail on the day of his arrest and was out on bail up to the date of trial. We have heretofore noted that appellant did assert his right to a speedy trial but we are unable to determine that he has asserted prejudice to any of the three

interests which the Court of Criminal Appeals stated in *Hernandez v. State,* 556 S.W.2d 337, 341 (Tex.Cr.App.1977) the speedy trial right was designed to protect: (1) the prevention of oppressive pre-trial incarceration; (2) the minimization of anxiety and concern of the defendant; and (3) the limitation of the possibility that the defense will be impaired. We hold that appellant has failed to establish a violation of his constitutional right to a speedy trial. Appellant's first ground of error is without merit and is overruled.

 In ground of error number two appellant complains that the remarks made by the counsel for the State during jury argument at the punishment stage were so improper and prejudicial as to require reversal. The permissible scope of jury argument is limited to the following areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Cr.App. 1973). It is the trial judge's duty to confine jury arguments to these four areas.

 Where remarks of counsel are said to have been so prejudicial as to require reversal of an appellant's conviction, we consider not only the remark itself, but also the entire context in which it appears. *Blassingame v. State,* 477 S.W.2d 600, 604 (Tex.Cr.App.1972). Keeping these rules in mind, we will first consider appellant's ground of error number two. He complains that the prosecutor committed error by improperly arguing and commenting that attorney for appellant was lying and deceiving the jury, and that the remarks were so improper and prejudicial as to require reversal.

The complained of argument is as follows:

... [N]ow, defense counsel, I anticipate for the next thirty minutes will deceit [sic] you and he will ask you and he will in fact tell you several things. He's going to argue, ladies and gentlemen, of course, number one, the State didn't prove it's [sic] case beyond a reasonable doubt. Therefore as a matter of law you have to find the Defendant not guilty. And he will argue very convincingly to you twelve people that our case was not proven and that you are bound to give all reasonable doubt to the Defendant as you are if you have one. He will try the police officers. He will tell you that they didn't do an adequate job of investigation. He will tell you that they didn't really get all the statements they could have out there. He will try the San Antonio Police Department for their shortcomings. He will come at you from the angle that this is a country where a man cannot be found guilty unless he's proven guilty beyond a reasonable doubt and I don't quarrel with that. And he will wave for thirty minutes the American Flag and he will seek to make you feel this big if you convict his client.

MR. MILLER: Your Honor, I didn't really realize I was on trial. I will object to that. I haven't been indicted but the prosecutor wants to get me worse than the Defendant.

THE COURT: Overruled.

\* \* \* \* \* \*

 We note that after the statement "... defense counsel for the next thirty minutes will deceit you ..." reference is made in the same paragraph by the prosecutor that the defense counsel "... will waive for thirty minutes the American flag and he will seek to make you feel this big if you convict his client." By these statements the prosecutor not only prejudiced the jury against defense counsel by telling them that he would deceive them, he also created further prejudice against appellant's attorney by implying that if the jury found his client guilty that appellant's attorney would consider them unpatriotic and derelict in their duty as jurors. The entire context of this portion of the argument was a blatant attempt on the part of the prosecutor to create prejudice in the minds of the jury against appellant's attorney, thus striking at the appellant over the shoulder of his counsel. *Anderson v. State,* 525 S.W.2d 20, 21 (Tex.Cr.App.1975). The argu-

ment of the prosecutor was not justified and was highly improper. The error was further compounded by the court in overruling the objection made by appellant's counsel. The State argues that the error was not properly preserved because of the failure of appellant's counsel to specifically object. This argument is without merit. We find that the objection of appellant's counsel was more than sufficient to preserve the error. Accordingly, appellant's ground of error number two is sustained.

In his grounds of error three, four and five, appellant argues that the prosecutor by his arguments and comments was erroneously permitted to make statements not supported by the evidence and further caused the jury to speculate on such non-evidence. The complained of argument is as follows:

> The Defendant in this case is on trial and he wished that you would consider this character assassination of Ed Bell. That, well I walked outside and I glanced over there and I could smell Marijuana from here to that picture. Well, did you stay there very long? Mr. Clack just stared at Ed Bell? No, no. I just walked out, nonchalantly smelled it, and got myself a barbecue sandwich and I didn't even finish eating it. I just threw it away. Ladies and gentlemen, I submit to you that never happened. Tommy Clack never saw that, but you see they have to come up with a reason to give you people to believe that Ed Bell is not a credible person. What else would it take to convince or try to convince twelve people that the man that was shot didn't know what was going on because he was under the influence of Marijuana?
>
> ... [S]o, whether that happened or didn't, and I submit to you that it never did, they would like you to believe that. Because, you see, the State has one witness that would come and testify and that's the man that was shot and nearly killed. Don't you know that there are other witnesses. Don't

you know that the people really saw what happened out there.

MR. MILLER: Your Honor, I want to object. He has the obligation to bring the proof. He certainly has the duty to bring it to these people if he wants a conviction. They don't have to convict on innuendo and are not entitled to do that and I object to his line of argument. It is highly prejudicial.

THE COURT: Overruled.

MR. MILLER: He knows he doesn't have the evidence and he's trying to excuse himself.

THE COURT: Overruled.

\* \* \* \* \* \*

By the prosecutor's argument that "... [B]ecause, you see, the State has one witness that would come and testify and that's the man that was shot and nearly killed. Don't you know that the people really saw what happened out there ...," we conclude that the prosecutor was implying that there were witnesses which the jury could speculate were not called to testify by the appellant because they were adverse to the appellant. This argument was certainly not invited by counsel for appellant; it occurred before appellant's counsel had had the opportunity to argue. Argument injecting matters not in the record is clearly improper, but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whatever extraneous "facts" may be needed to support a conviction. Logical deductions from evidence do not permit within the rule logical deductions from non-evidence. *Berryhill v. State*, 501 S.W.2d 86, 87 (Tex.Cr.App.1973). It is improper for the prosecutor to imply to the jury that there is pertinent evidence of which he is aware that is not in the record. *Little v. State*, 567 S.W.2d 502, 505 (Tex.Cr. App.1978). Accordingly, the argument of the prosecutor that there were other witnesses that were adverse to the defendant, but who had not testified, was clearly error. The error was further compounded by the court's failure to sustain the objection of appellant's counsel to such prejudicial argument. Appellant's *third, fourth and fifth* grounds of error are sustained.

In his sixth ground of error appellant complains that the prosecutor in his argument and comments was erroneously permitted to imply that absent witnesses were afraid to testify due to the appellant. The complained-of argument is as follows:

... [D]on't you know that there are other witnesses. Don't you know that the people really saw what happened out there....

\* \* \* \* \* \*

... [W]hy don't people come forth, ladies and gentlemen? Why won't they get involved? Is it because they don't care?

MR. MILLER: Your Honor, that's highly outside the record.

MR. BARRERA: Or is it because they are afraid?

THE COURT: Overruled.

MR. MILLER: Note my exception.

MR. BARRERA: I submit to you that it's because they are afraid. They are afraid to become involved. They are afraid to put the finger on the man that nearly killed another man....

\* \* \* \* \* \*

It is well-settled that a prosecutor may not imply that an absent witness was afraid to testify due to the defendant. *Thomas v. State,* 519 S.W.2d 430, 431 (Tex.Cr.App. 1975); *Salas v. State,* 403 S.W.2d 440, 441 (Tex.Cr.App.1966); *Benavides v. State,* 111 Tex.Crim. 361, 12 S.W.2d 1031 (1929). We conclude that the argument of the prosecutor was unsupported by the evidence and served to show the prosecutor's opinion that the appellant would do harm to any witness. The argument interjected new and harmful facts which were prejudicial to the appellant. *Minter v. State,* 505 S.W.2d 581, 582 (Tex.Cr.App.1974). The error was compounded by the overruling of the objection made by appellant's counsel. Further, the fact that the prosecutor continued this line of argument in more detail after the overruling of the objection serves to compound the error and harm the appellant. We sustain appellant's sixth ground of error.

In his ground of error number seven, appellant argues that the prosecutor made comments that constituted improper references to community expectations. Without setting out that portion of the argument pertinent to this point of error, we note that appellant concedes that such jury argument has been held to be a proper plea for law enforcement. We agree with appellant and accordingly overrule ground of error number seven.

In his eighth ground of error, appellant contends that the prosecutor erred in attempting to introduce evidence of extraneous offenses during the guilt-innocence phase of the trial and later in his opening argument to the jury.

During the direct examination by the State of the witness James Baldwin, the owner of the bar where the shooting occurred, the following is shown by the record:

Q: And are you licensed to sell anything other than beer?

A: Just beer and soda water.

Q: Beer and soda water. Now, is there a sign anywhere in there or was there a sign saying it's a felony offense to carry a weapon in the licensed premises?

MR. MILLER: Your Honor, that is highly objectionable. It has nothing to do with this case.

THE COURT: Sustained.

MR. MILLER: I would like to have the jury instructed not to consider the last remark for any purpose.

THE COURT: The jury is so instructed.

MR. MILLER: In spite of that I think it's so highly prejudicial I'll ask at this time for a mistrial.

THE COURT: Denied.

\* \* \* \* \* \*

Thereafter, during his cross-examination of appellant, the prosecutor twice asked appellant if he didn't know that by walking into the bar with a gun in his pocket, he was violating the law which prohibited the carrying of a weapon on premises licensed to sell alcoholic beverages. Appellant's counsel objected each time to this line of questioning but the court overruled appellant's objections.

Finally, in his argument to the jury, the prosecutor again referred to the extraneous offense of unlawfully carrying a weapon on licensed premises, as follows:

... [I]f he's not the trouble maker he would have you believe, and if this is not the kind of man that would shoot and kill another man, don't you believe that any reasonable and prudent person with experience with guns would have just turned around two or three paces, opened the door and put the gun in the glove box? No. He puts it in his pocket. . . .

David Johnson knowing that he was doing wrong, knowing that he was committing an offense, took a gun into a licensed premises and he waited for something to happen. He waited so he could shoot somebody. Ed Bell was the man who he shot. . . .

Normally, evidence of an extraneous offense is not admissible unless it falls within one of the categories of relevancy stated by the Court of Criminal Appeals in *Albrecht v. State,* 486 S.W.2d 97, 99 (Tex.Cr.App. 1972). In *Albrecht,* the court stated,

". . . [T]he test for determining the admissibility of any type of evidence is whether the probative value of such evidence outweighs its inflammatory aspects, if any. . . . Thus, before evidence of collateral crimes is admissible, relationship between such evidence and the evidence necessary to prove that the accused committed the crime for which he stands charged must be shown."

We cannot find any such relationship between evidence concerning the offense of unlawfully carrying a weapon on licensed premises and the offense with which the appellant was charged. We think that the trial court erred in permitting the line of questioning concerning the offense of unlawfully carrying a weapon on licensed premises during the cross-examination of the appellant. The error was further compounded by the court in overruling the objections of appellant's counsel.

As for the prosecutor's argument concerning the offense of unlawfully carrying a weapon on licensed premises, we can reach no other conclusion but that by his argument the prosecutor implied that the appellant intentionally committed the offense of unlawfully carrying a weapon on licensed premises and therefore must have intentionally committed the assault. The prosecutor implied to the jury that the appellant should be convicted for being a criminal generally and not for the accusation alleged in the indictment and for which he was being tried. We hold the argument of the prosecutor coupled with the erroneous line of questioning to the argument to be error and highly prejudicial in spite of the fact that no objection was made to the argument. Accordingly, appellant's ground of error number eight is sustained.

In his ninth ground of error, appellant contends that it was error for the prosecutor to continuously ask objectionable questions concerning a photograph of the appellant, and more particularly in his asking where the photograph had been obtained. In support of this contention, appellant maintains that the prosecutor knew that these questions were objectionable and that by asking them he forced appellant's attorney to object in the presence of the jury. Appellant further argues that by doing so, the prosecutor prejudiced the appellant in the eyes of the jury and left the jury with the impression that appellant was attempting to hide damaging facts from them. We are not swayed by appellant's argument. We find two instances in the record in which the prosecutor referred to the photograph of the appellant. In the first instance, appellant's objection as to whether the complainant had identified the defendant from a photographic line-up was sustained by the court and despite the court's ruling, counsel for appellant excepted to the ruling of the court. The prosecutor did not proceed with this line of questioning. The same witness was then asked by the prosecutor where he had gotten the photograph of the appellant. This question was objected to by appellant's counsel, and after a conference at the bench between the court and attorneys for both sides, the prosecutor withdrew the question. This line of ques-

tioning was no longer pursued by the prosecutor. In his bill of exception, appellant's counsel brought out that at the time he asked the question, the prosecutor had in his possession a report from the witnesses stating where the picture came from, that it was an old mug shot of the appellant when he had been involved in a shooting and had been charged with murder. There is nothing in the bill of exception to substantiate the argument of counsel that the prosecutor was attempting to bring out the extraneous offense by the question asked of the witness. The witness was never permitted to answer the question once it was withdrawn, and we do not wish to speculate as to what his answer would have been. Appellant's ground of error number nine is without merit and is overruled.

Appellant's tenth ground of error complains of the general conduct of the prosecutor throughout the trial and during jury argument. There really is no need to deal with this "cumulative error" contention, since other grounds of error requiring a new trial have been sustained. When viewed collectively, the many improper and prejudicial statements made by the prosecutor during argument served to deny appellant a fair trial comporting with due process requirements. We have a case here in which a prosecutor definitely violated the underlying principles of law which govern the conduct of all prosecutors. Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

BUTTS, Justice, concurring in part.

I concur in the reversal based upon ground of error six only. I do not concur with the majority's ruling that the other matters constitute reversible error.