**Barry Thomas KIRK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01953–CR.**

Court of Appeals of Texas,
Dallas.

Sept. 21, 1993.

Richard Alan Anderson, Dallas, for appellant.

Michael J. Sandlin, Dallas, for appellee.

Before McGARRY, C.J., and SPURLOCK[1] and DIAL,[2] JJ.

**OPINION**

DIAL, Justice.

Barry Thomas Kirk appeals his conviction for terroristic threats, a violation of section 22.07(a)(2) of the Texas Penal Code, a class-B misdemeanor. He was found guilty in a jury trial, and the trial court assessed punishment at ninety-days' confinement and a fine of $500.

The single point of error alleges that the prosecutor impermissibly bolstered trial testimony in his final argument. We affirm.

The offense grew out of a confrontation in a used car lot between the defendant and the complainant, David Roy. Roy had gone to the car lot with his friend, Darrien Boult, to inquire about Boult's repossessed car. Six

---

1. The Honorable Joe Spurlock II, Justice Court of Appeals, Second District of Texas at Fort Worth, Retired, sitting by assignment.

2. The Honorable Preston H. Dial, Jr., Justice, Court of Appeals, Fourth District of Texas at San Antonio, Retired, sitting by assignment.

eyewitnesses and the defendant testified. There was testimony that the defendant fired a pistol over David Roy's head and then put the cocked pistol to Roy's head. There was also testimony that raised the issue of self-defense.

Detective Tim Harshbarger testified on behalf of the State that he interviewed Darrien Boult, David Roy, and the defendant. Based on these interviews, he filed a complaint against the defendant for terroristic threats.

During closing argument for the State, the following transpired:

> MR. LOPEZ [for the State]: What about the detective that filed the case? Right? I asked him some questions. He interviewed everybody. Did you interview David and Darrien? Yes. Did you interview the defendant? Yes. You still filed the terroristic threat? Yes. What does that tell you? What can you infer from that? Right? This statement was given to him, right? That is his signature. Do you think he bought this, this self-defense thing? No. He didn't.
> MR. BURROWS: Your Honor, I will object. That is testimony outside the record.
> THE COURT: Sustained.
> MR. LOPEZ: It's reasonable to infer that he didn't.
> MR. BURROWS: Ask the jury to be instructed to disregard.
> THE COURT: The jury will disregard the last statement.
> MR. BURROWS: Motion for mistrial.
> THE COURT: Denied.

Appellant Kirk contends that the trial court erred in failing to grant a mistrial because the prosecutor's argument interjected evidence outside the record that impermissibly bolstered trial testimony.

■ In order to receive the stamp of approval of an appellate court, a prosecutor's jury argument must fall into one of four areas:

(1) Summation of the evidence;

(2) Reasonable deduction from the evidence;

(3) Answer to argument of opposing counsel; and

(4) Plea for law enforcement.

*Alejandro v. State,* 493 S.W.2d 230, 231 (Tex. Crim.App.1973). Jury argument must either be extreme or manifestly improper or inject new and harmful facts to be prejudicial. *Thomas v. State,* 519 S.W.2d 430, 431 (Tex. Crim.App.1975).

The defendant cites several cases, including *Hill v. State,* 659 S.W.2d 94, 96 (Tex. App.—Houston [14th Dist.] 1983), for the proposition that the unsworn testimony of a prosecutor that injects new and harmful facts, unsupported by evidence, and bolstering the credibility of a witness is error. In *Hill,* where the bolstered witness was the only witness who could identify the defendant, the credibility of the witness was critical, and it was, therefore, not harmless error.

■ In our present case, the prosecutor was not interjecting unsworn testimony. He was summarizing the evidence that had come in without objection during the testimony of Detective Harshbarger. He then called upon the jury to make an inference or deduction from that evidence that was relevant to the credibility of all witnesses. This falls within the areas of argument that have been approved by the court of criminal appeals.

The cases relied upon by the defendant as showing harmful error involved bolstering critical witnesses or injecting an expression as to the trial judge's opinion about facts in the case. In none of those cases was the objection sustained and the jury instructed to disregard the argument.

In our present case, the argument related to the credibility of three of the seven fact witnesses and was only of marginal importance. More important was the effort of the careful trial judge who sustained the objection of the defense and immediately instructed the jury to disregard the last statement of the prosecutor.

Had we concluded that the argument was erroneous, we would have determined beyond a reasonable doubt that the error made

no contribution to the conviction or the punishment. *See* TEX.R.APP.P. 81(b)(2).

The judgement is affirmed.