Billy James **WILDER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 53474.

Court of Criminal Appeals of Texas.

En Banc.

Jan. 25, 1978.

---

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary W. Love and Les S. Eubanks, Jr., Asst. Dist. Attys., Dallas, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

The majority opinion on original submission is withdrawn and the following is substituted in lieu thereof. The appeal was taken from a conviction for robbery by assault with a firearm under the former Penal Code. Punishment was assessed by the jury at fifty (50) years' imprisonment.

The appellant was jointly tried with co-defendant Robert Lewis Andrew, though represented by different counsel. In the opinion on Andrew's motion for rehearing this court reversed Andrew's conviction because the trial court committed reversible error in failing to require the prosecution to reveal the name of a confidential informer, a material witness. *Andrew v. State,* 558 S.W.2d 876 (Tex.Cr.App. 1977).

On appeal the appellant Wilder raises the same contention as Andrew. While most of the facts relating to the informer being a material witness to the offense were developed by Andrew's counsel, it is observed in perfecting his bill of exception appellant's counsel determined from the witness that his answers to the questions propounded to Andrew's counsel would be the same if the questions were repeated by appellant's counsel. As in Andrew, and despite the fact that the trial court cut off the completion of the bill of exception, the informal bill is sufficient to show the informer was a material witness to the transaction and that his identity should be revealed. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *James v. State,* 493 S.W.2d 201 (Tex.Cr.App. 1973).

Appellant's motion for rehearing is granted. The judgment of affirmance is set aside. The judgment is reversed and the cause remanded.

VOLLERS, J., not participating.

ROBERTS, Judge, concurring.

I concur with the Court's opinion on the Appellant's Motion for Rehearing. However, there is an additional ground of error which requires that the appellant's conviction be reversed.

Appellant's sixth contention focuses upon the following argument concerning a confidential informant made by the prosecutor:

"Mr. Zimmermann [Appellant's Co-Defendant's Counsel] asked why didn't they bring him down here. Now I'm trying to tell you and he won't let me, because he would be dead in a minute, that's why."

It must be noted, however, that immediately prior to the above argument the prosecutor, over objection, had stated:

"Now, Mr. Zimmermann said, 'Why didn't we bring that mysterious person down here?' Yes, he is mysterious, ladies and gentlemen. He is a confidential informant."

Both of the prosecutor's comments were in response to the following argument by appellant's co-defendant's counsel:

"How about the mysterious witness, the mysterious witness who saw it? Why

can't he come down? Why can't he identify somebody? Why can't he be brought to you? Not trying to hide anything." The State contends that the prosecutor's comments were invited by the appellant's co-defendant's counsel and therefore not error.

It is well established that the rule of invited error is that if the defendant's counsel goes outside the record in his argument, the prosecutor is then also permitted to go outside the record to respond to that argument. *Reynolds v. State*, 505 S.W.2d 265 (Tex.Cr.App. 1974); *Griffin v. State*, 481 S.W.2d 838 (Tex.Cr.App. 1972). But in *Reynolds v. State, supra*, we held that when defense counsel's argument is not objectionable the prosecutor may not go outside the record and argue facts not in evidence. See also *Bailey v. State*, 531 S.W.2d 628 (Tex.Cr. App. 1976). Furthermore, in *Garrison v. State*, 528 S.W.2d 837 (Tex.Cr.App. 1975), we held that a prosecutor's argument may not exceed the invitation of defense counsel's argument.

These rules create a dual inquiry that must be applied to allegedly improper prosecutorial responses to arguments of defense counsel. First, if defense counsel's argument was supported by the record and therefore proper, then any response by the prosecutor that is not supported by the record is improper. Second, if defense counsel's argument was not supported by the record and therefore improper, then any response by the prosecutor going outside

the record will be improper only if the response exceeded the limits of the proper scope of the invitation. See *Garrison v. State, supra.*

In the present case, we deal with a comment by the appellant's co-defendant's counsel touching upon the State's failure to call a witness and the prosecutor's response to that comment.

It is a well established proposition that the State can comment during final argument on the failure of the defendant to call competent and material witnesses. *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr.App. 1975); *Fisher v. State*, 511 S.W.2d 506 (Tex.Cr. App. 1974); *Winkle v. State*, 506 S.W.2d 891 (Tex.Cr.App. 1974). It is equally well established that the defendant may comment upon the failure of the State to call competent witnesses.[1] *Bowlin v. State*, 93 Tex. Cr.R. 452, 248 S.W. 396, 404 (1923); *Patterson v. State*, 387 S.W.2d 390 (Tex.Cr.App. 1965); 56 Tex.Jur.2d, Trial, Sec. 261, p. 599.

The record reflects that there was testimony relating to a "mysterious" witness. Therefore, the argument by the appellant's co-defendant's trial counsel was proper.[2] *Reynolds v. State, supra* ; *Bailey v. State, supra.*

While there is no need to delineate the precise limits of proper invited argument, it is sufficient to note that the prosecutor adequately explained the absence of the mysterious witness when he told the jury that the mysterious witness was a confiden-

1. If the defendant was unable to comment on the State's failure to call material witnesses, a violation of due process would result.

2. Even if the argument was improper, the fact that appellant's co-defendant's counsel exceeded the bounds of proper argument should not justify an unrestrained prosecutorial reply. To allow an unrestrained response would be akin to reasoning that two wrongs make a right.

The better reasoned approach would require the prosecutor to object to improper arguments by defense counsel and request a curative instruction from the trial judge. Only if the objection is overruled should the prosecutor be permitted to respond to the argument of defense counsel. Furthermore, the prosecutorial response should be limited so that the defendant's right to a fair trial is not violated.

Moreover, where defense counsel ignores the instructions of the trial judge as to the proper scope of argument, the trial judge can hold him in contempt, or, under the ruling of *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), remove counsel from the proceeding and declare a mistrial without invoking the availability of a double jeopardy claim.

It is obvious that the invited argument rule is not in the best interests of society. Unlike the exclusionary rule, however, there are alternatives that better suit due process. *Cf. Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Bivens v. Six Unknown Named Federal Agents*, 403 U.S. 388, 411, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (dissenting opinion of Mr. Chief Justice Burger).

tial informant. *Cf. Bailey v. State, supra* at 630.[3]

The prosecutor's comment that the mysterious witness "would be dead in a minute" if he testified interjected his opinion that the appellant was a murderer.[4] This violated the principle that a prosecutor may not imply that an absent witness was afraid to testify due to the defendant. *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr.App. 1975); *Salas v. State*, 403 S.W.2d 440 (Tex.Cr.App. 1966) (J. Morrison, concurring); *Benavides v. State*, 111 Tex.Cr.R. 361, 12 S.W.2d 1031 (1929). The argument interjected new and harmful facts which were prejudicial to the appellant. *Minter v. State*, 505 S.W.2d 581 (Tex.Cr.App. 1974).

Therefore, I concur not only with the majority's opinion on rehearing, but would also reverse the cause and remand for a new trial due to the prosecutor's improper and prejudicial comment.

PHILLIPS, J., joins in this opinion.

**3.** In *Garrison v. State, supra*, we held that the prosecutor exceeded the limits of proper invited arguments by recounting all of the defendant's alleged misdeeds before the jury. The strong implication was that a conclusory statement would have been within the limits of proper invited argument.

**4.** In *Garrison v. State, supra*, the prosecutor similarly exceeded the limits of proper invited argument by interjecting the crimes of molesting and adultery. We held that to be outside the limits of proper invited argument.