**Rafael Servando GOMEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–99–00508–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 14, 2000.

Rehearing Overruled Jan. 18, 2001.

Brian W. Wice, Houston, for Appellant.

Calvin Hartmann, John B. Holmes, Houston, for the State.

Panel consists of Justices MIRABAL, TAFT, and DUGGAN.*

## OPINION

TAFT, Justice.

A jury convicted appellant, Rafael Servando Gomez, of the misdemeanor offense of driving while intoxicated (DWI). The trial court assessed punishment at 180 days in the Harris County Jail, probated for 18 months, and a $500 fine. Appellant presents two points of error, both of which allege the trial court erred in overruling appellant's objections after the State referred to matters outside the record. We also address whether a destroyed videotape, which had been admitted into evidence, is necessary to our review. We affirm.

### Facts

Appellant was involved in a one-car accident on his way home, after leaving a bar. During the investigation at the scene of the accident, Deputy Meaux detected a strong odor of alcoholic beverages on appellant. In response to Deputy Meaux's questions, appellant admitted he had just left a bar after drinking six beers and two glasses of wine. When appellant refused to perform any field sobriety tests, Deputy

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Meaux arrested appellant for suspicion of DWI. Appellant was brought to the Cypresswood Jail and was videotaped two and one-half hours after the accident. This videotape was destroyed after the trial.

## Improper Argument During Objection

■ In his first point of error, appellant contends the trial court erred in overruling his objection that the State improperly referred to matters outside the record while responding to defense counsel's final argument.

During trial, Deputy Meaux testified appellant admitted to drinking six beers and two glasses of wine before the accident. Meaux also testified about several documents related to appellant's accident. All of these documents were offered as exhibits by the defense, except the offense report, which is not admissible because it is expressly excepted from the exclusion to the hearsay rule for public records under Rule of Evidence 803(8)(B). *See Cole v. State*, 839 S.W.2d 798, 811–12 (Tex.Crim. App.1990); *Gaitan v. State*, 905 S.W.2d 703, 708 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd).

During final argument in the guilt-innocence stage of trial, defense counsel referred to Deputy Meaux's testimony that appellant allegedly confessed to consuming six beers and two glasses of wine. In addition, defense counsel referred to the lack of a document recording appellant's admission to alcohol consumption by saying, "[The officer's statement] wasn't written because you can infer that it didn't happen." The prosecutor objected to the statement, stating "That is written in the offense report." By defense counsel's going outside the record in an attempt to mislead the jury into believing appellant's alleged confession was missing from the

police records, including the inadmissible offense report, the prosecutor's response to that argument in his objection was fair under the invited argument rule.[1] *See Bush v. State*, 773 S.W.2d 297, 301 (Tex. Crim.App.1989); *Walker v. State*, 664 S.W.2d 338, 340 (Tex.Crim.App.1984) (holding prosecutor may argue outside the record in response to defense counsel's argument that goes outside the record).

We overrule appellant's first point of error.

## Improper Final Argument

■ Appellant's second point of error challenges the trial court's decision to overrule appellant's objection that the prosecutor improperly referred to additional matters outside the record during closing argument:

> Ladies and gentlemen, Defense counsel has told you to look at the video tape and that the video tape somehow unlocks the mystery and sets everything clear, clears it all up.... It was a video tape that [appellant] knew he was going to have made. They walked him into the room and *common sense tells you that when an individual knows they [sic] are being taped and knows it's important, they [sic] will straighten up. They [sic] are going to straighten up.*

(Emphasis added).

■ Appellant contends the trial court erred in overruling his objection because the prosecutor injected matters outside the record, which encouraged the jury to speculate about matters not in evidence. We disagree. The prosecutor's comment is what it was expressly represented to be, a statement of common knowledge. Statements of common knowledge are an exception to the rule against arguing facts outside the evidence. *Nenno v. State*, 970 S.W.2d 549, 559 (Tex.Crim.App.1998);

---

1. While the record does not contain the offense report, nor any evidence that appellant's admission was contained in it, we infer his admission was in the report from the actions of defense counsel's response. Trial counsel's objection was limited to the offense report's not being in evidence; the objection did not challenge the veracity of the prosecutor's statement that appellant's admission was in the offense report.

*Sawyers v. State,* 724 S.W.2d 24, 37 (Tex. Crim.App.1986); *Carter v. State,* 614 S.W.2d 821, 823 (Tex.Crim.App.1981). Because the prosecutor's comment was not improper, the trial court did not err in overruling appellant's objection.

We overrule appellant's second point of error.

### Missing Videotape

 Because a State's exhibit, the videotape of appellant at the police station, was destroyed, a threshold question arises about our ability to review appellant's appeal without it. The dispositive inquiry is whether the lost or destroyed exhibit is "necessary to the appeal's resolution." TEX.R.APP. P. 34.6(f)(3). If the exhibit is not necessary to the resolution of the appeal, the loss of that portion of the record is "harmless under the rule." *Issac v. State,* 989 S.W.2d 754, 757 (Tex.Crim.App. 1999).

In his supplemental brief, appellant argues that this Court's opinion in *Osuch v. State,* 976 S.W.2d 810 (Tex.App.—Houston [1st Dist.] 1998, no pet.), controls our resolution of this issue. Appellant argues that, as in *Osuch,* there would necessarily be a dispute as to how appellant appeared on the videotape. 976 S.W.2d at 812. The State replies that the prosecutor obviously viewed the tape as unfavorable to the State, a position that appellant would surely not dispute.

In analyzing and addressing appellant's points of error, we have assumed that appellant did not appear to be intoxicated on the videotape. This is the only rational explanation for the prosecutor's attempt, in argument, to explain why appellant appeared to function well on the tape. Because there is no question about how appellant performed on the tape, we are able to conduct a complete assessment of appellant's points of error without examining the missing videotape. Therefore, we need not reverse and order a new trial because of the destroyed exhibit. *Issac,* 989 S.W.2d at 757.

Accordingly, we overrule the arguments in appellant's supplemental brief.

### Conclusion

We affirm the judgment of the trial court.