Sidney Gadison v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-046-CR

     SIDNEY GADISON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 10,241-278-03
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      I agree with the majority that the testimony of Investigator Holm about the victim’s possible
reasons for being absent from the trial was hearsay. I disagree with the harm analysis applied to
the error.
      Prior to the reading of the charge to the jury, Gadison requested that the jury be instructed
about Holm’s testimony in an attempt to lessen its effect on the jury’s consideration of the offense. 
Counsel said, “I think the jury needs to know from the court that the absence of the victim in this
case is a factor to be considered in assessing whether the State has reached its burden of reasonable
doubt.” The court refused the requested instruction and said, “You can argue that.”
      In its opening argument, the prosecutor told the jury:
And I’m sorry we don’t have the victim here. I wish he was here. You heard Mike
Holm talk about how we tried to obtain the victim, Allen Minter. He’s not here. So you have
to decide if I’ve proved my case beyond reasonable doubt on the evidence I have before me.

Gadison’s counsel argued Minter’s absence:
 
Incredibly important evidence is missing in this case. And you’re allowed to talk about
that, you’re allowed to consider that.

      It is well established that the defendant may comment upon the failure of the State to call
competent witnesses. Wilder v. State, 560 S.W.2d 676, 678 (Tex. Crim. App. 1978) (Roberts,
J. concurring) (citing Bowlin v. State, 93 Tex. Cr. R. 452, 248 S.W.396, 404 (1923)). 
      As Gadison points out, the court’s charge called on the jury to decide whether Minter was
“lawfully discharging an official duty” and whether Gadison acted in self defense. Minter’s
testimony—that of the victim—was extremely important to those issues. By erroneously admitting
the hearsay testimony that tended to excuse Minter’s absence from the trial, the court undercut
Gadison’s ability to argue the effect the jury should give his absence in its consideration of the
evidence.
      We must “determine whether or not the error affected a substantial right of the defendant.” 
Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). To make this determination, we
decide whether the error had a substantial or injurious effect on the jury verdict. Id. The very
process of reaching this decision is the performance of a Rule 44.2(b) harm analysis.


 Id. In
assessing the likelihood that the jury's decision was adversely affected by the error, we should
consider everything in the record, including any testimony or physical evidence admitted for the
jury's consideration, the nature of the evidence supporting the verdict, and the character of the
alleged error and how it might be considered in connection with the evidence in the case. Id. We
should also consider the jury instructions given by the trial judge, the State's theory and any
defensive theories, closing arguments, and even voir dire, if material to appellant's claim. Id. 
In this instance, we should consider the fact that Gadison attempted to “cure” the error by his
requested instruction.
      Given that (1) the nature of the error was the admission of hearsay about possible reasons for
the victim’s absence, (2) the erroneously-admitted testimony was extensive hearsay statements of
two persons not present, (3) it was admitted relatively early in the State’s case, (4) Gadison
attempted to ameliorate the harmful effect of the error by requesting a limiting instruction, and (5)
the State used the erroneously-admitted evidence in its opening argument to diffuse Gadison’s
argument about Minter’s absence, I would conclude that the error had a “substantial or injurious
effect on the jury’s verdict” and thus cannot be disregarded. Id.; Tex. R. App. P. 44.2(b).
      I would reverse the judgment and remand the cause for a new trial. Because the majority
decides otherwise, I respectfully dissent.

                                                                   BILL VANCE
                                                                   Justice

Dissenting opinion delivered and filed October 3, 2001
Do not publish



>[CV06]